John Badger, General Counsel Kansas Department of Social and Rehabilitation Services Docking State Office Building 915 SW Harrison Street, 650 South Topeka, Kansas 66612-1570
Dear Mr. Badger:
As general counsel for the Kansas Department of Social and Rehabilitation Services (SRS) you inquire whether the applicants and recipients for the Residential Appliance Replacement Program (RAR) are recipients of an SRS assistance program and, as such, whether their applications and related information are confidential and privileged pursuant to K.S.A. 39-709b(a). *Page 2 
You inform us that a request was made by the Kansas Legislative Research Department on behalf of a legislator for the names of the recipients of the RAR program. The RAR program is funded from a portion of the Low Income Energy Assistance Program (LIEAP) block grant from the federal government.[1] SRS is the Kansas agency responsible for the management and distribution of LIEAP funds.
The RAR program, initiated in 2009, is part of an overall effort to save energy. SRS determined that the objectives of the program were better administered by the Kansas Housing Resources Corporation (KHRC) as a part of the weatherization program.[2] SRS and KHRC entered into an Interagency Agreement in January 2008.[3]
According to KHRC, the income requirements of LIEAP apply to all applicants and recipients of the RAR program.[4] Each applicant must submit verification of income in the form of tax returns and payroll stubs to demonstrate that they fall within the allowable income limit of 75% of the federal poverty level.[5]
The Kansas Open Records Act (KORA) provides that "[i]t is declared to be the public policy of the state that public records shall be open for inspection by any person unless otherwise provided by this act, and this act shall be liberally construed and applied to promote such policy."[6] The Kansas Supreme Court has held that records are open unless specifically closed by KORA and, if there is ambiguity about a record, it should be resolved in favor of openness.[7] In order to close a record, there has to be specific legal authority.[8]
KORA will first look to statutes that provide for specific closure or other restrictions upon the release of public records.[9] In this case, you direct us to K.S.A. 39-709b, which states in part: "information concerning applicants for and recipients of assistance from *Page 3 
the secretary shall be confidential and privileged. . .except as set forth in this section."[10] None of the permitted disclosures listed in the section permit SRS to provide recipient names and addresses to Legislative Research on behalf of a legislator.
Although the statutory language refers to the Secretary of SRS, our first inquiry is whether the contractual arrangement between SRS and KHRC binds the latter to honor the same confidentiality restrictions imposed on SRS.[11] A previous Attorney General opinion considered a similar question and concluded that records that are closed cannot become open by virtue of an agreement that provides closed records to another governmental agency.[12]
Moreover, it is unlawful for "any person . . . or otheragency" to disclose information concerning applicants and recipients of assistance.[13] Thus, KHRC is bound by the confidentiality restrictions of K.S.A. 39-709b.
Next, we examine the statutory language to determine if the RAR is a program that might be considered "assistance." "Assistance," as used in the social welfare statutes, "includes such items or functions as the giving or providing of money, food stamps or coupons, food, clothing, shelter, medicine or other materials, the giving of any service. . . ."[14] The definition includes a statement that the definition of "assistance" "shall be deemed as partially descriptive and not limiting."[15] Given this broad definition, we believe the RAR program is a form of assistance.
The final issue to be examined is whether a request from a legislator falls within any of the exceptions to confidentiality within the statute. The statute provides that the Secretary may share applicant or recipient information in a limited number of situations. Briefly stated, the Secretary may share information with Legislative Post Audit, the applicant subject to rules and regulations adopted by the secretary, or as part of a civil or criminal proceeding.[16]
Finally, in addition to the permitted disclosures noted in subsection (a) of K.S.A. 39-709b, the statute requires the Secretary to "maintain a public list which shall contain the names and addresses of all recipients receiving general assistance
benefits. . . ."[17] Such a list is a public record and open to inspection. Receiving assistance from the RAR program is not a "general assistance" benefit because "general assistance is defined as assistance not funded by the federal government."[18] Since LIEAP is funded *Page 4 
entirely by the federal government, recipients of RAR assistance would not be included on this public list.
In conclusion, information concerning applicants and recipients of assistance from SRS is confidential and privileged, except in limited circumstances. When SRS delegates by contract the administration and award of assistance to another agency, that agency remains bound by the same requirements of confidentiality.
Sincerely,
Steve Six Attorney General
Michael J. Smith Assistant Attorney General
SS:MF:MJS:jm
[1] The SRS website describes the LIEAP program as a once-a-year benefit to assist eligible households to pay a portion of their energy bills. According to the Interagency Agreement provided, 15% of the total LIEAP funds have been dedicated to the RAR program.
[2] The Kansas Housing Resources Corporation was formed pursuant to K.S.A. 2009 Supp. 74-8904(v) per the Governor's Executive Reorganization Order #30. The Kansas Housing Resources Corporation is a subsidiary corporation of the Kansas Development Finance Authority.
[3] Interagency Agreement Between Kansas Housing Resources Corporation and the Department of Social and Rehabilitation Services dated January 16, 2008.
[4] Letter from Ryan Vincent, General Counsel of KHRC of January 22, 2010.
[5] Id.
[6] K.S.A. 45-216(a).
[7] Cypress Media, Inc. v. City of Overland Park,268 Kan. 407 (2000).
[8] Attorney General Opinion No. 93-55.
[9] K.S.A. 2009 Supp. 45-221(a)(1). Occasionally, federal regulations will provide restrictions that preempt state statutes. Attorney General Opinion No. 79-130. No such regulations have been identified with this program.
[10] K.S.A. 39-709b(a).
[11] K.S.A. 39-702(a) defines "secretary" as the Secretary of SRS.
[12] Attorney General Opinion No. 2005-21. Statutory provisions that require confidentiality of records may not be handled in a manner contrary to the statute.
[13] K.S.A. 39-709b(d). Emphasis added.
[14] K.S.A. 39-702(d).
[15] Id.
[16] K.S.A. 39-709b(a).
[17] K.S.A. 39-709b(c). Emphasis added.
[18] K.S.A. 39-702(i). *Page 1